IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MICHAEL ROBERTSON                                                                               PLAINTIFF
ADC #136346

V.                                    Case No. 4:25-CV-00930-BSM-BBM

SARAH SANDER, Governor of
Arkansas, *et al.*                                                                               DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Miller may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

**I.     INTRODUCTION**

On September 10, 2025, Plaintiff Michael Robertson, an inmate in the Arkansas Division of Correction ("ADC"), filed a *pro se* Complaint under 42 U.S.C. § 1983, alleging that Defendants—Governor Sarah Sander, Director Dexter Payne, Dr. Dounugkesone, Dr. Miller, Nurse Cole, Sergeant Ogbozor, Grievance Officer Thornton, and various Doe Defendants—violated his constitutional rights. (Doc. 1). In the Complaint, Robertson alleged that he was being denied medication after being stabbed. *Id.* at 3–5. Robertson did

not pay the filing fee or file a motion for leave to proceed *in forma pauperis* ("IFP Motion").

By Order dated September 15, 2025, the Court noted that Robertson was a "three-striker" and could not proceed *in forma pauperis* unless he was in imminent danger of serious physical injury. (Doc. 3 at 3). But Robertson's Complaint was too vague for the Court to make that determination. *Id.* Accordingly, Robertson was provided thirty days to file an IFP Motion and an Amended Complaint, stating the particulars of his alleged imminent harm, such as when he was stabbed, what symptoms he was experiencing as a result of the stabbing, what medical treatment he had received so far, and the type of medication he was seeking etc. *Id.* Robertson timely filed an IFP Motion and Amended Complaint, which are pending before the Court. (Docs. 5–6). The Amended Complaint is nearly identical to Robertson's original Complaint. *Compare* (Doc. 1) *with* (Doc. 6).

**II.   DISCUSSION**

Under the PLRA, prisoners may not proceed *in forma pauperis* if, on three or more prior occasions while they were detained, they had an action or appeal dismissed as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(g). Robertson has had at least three cases dismissed for one of those reasons. *See Michael Robertson v. Page*, 1:11-CV-00024-SWW-BD (E.D. Ark. Apr. 6, 2011) (erroneously docketed as brought by "Michael D. Robertson") (dismissed for failure to state a claim); *Michael Otis Robertson v. Holladay*, 4:19-CV-00246-BRW-JTK (E.D. Ark. June 7, 2019) (dismissed as frivolous); *Michael Otis Roberston v. Freeman*, 4:21-CV-00939-BRW-PSH (E.D. Ark. Jan. 26, 2022) (dismissed for failure to state a claim); *Michael O. Robertson v. Higgins*, 4:21-CV-00976-

2

LPR-JJV (E.D. Ark. Apr. 4, 2022) (dismissed for failure to state a claim); *Michael O. Roberston v. Rodiquez*, 4:22-CV-00194-JM-PSH (E.D. Ark. Apr. 25, 2022) (dismissed for failure to state a claim).

Because Robertson is a "three-striker," he can proceed *in forma pauperis* only if he was in imminent danger of serious physical injury at the time he filed his Complaint. *See* 28 U.S.C. § 1915(g); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Despite filing an Amended Complaint, Robertson's allegations do not satisfy this standard.

A.   **Allegations**

In his Amended Complaint, Robertson alleges that, on some unspecified date, he was stabbed. (Doc. 6 at 6). He has been trying to get his pain medication renewed because he is "still hurting badly." *Id.* at 6–7. Robertson filed at least 12 sick calls and grievances in August and September 2025, but the requests never go "through the proper chain of command." *Id.* at 6. Robertson believes that Nurse Cole and other staff keep throwing his requests away. *Id.* As of September 7, Robertson had still not been seen by a doctor. *Id.*

Robertson next alleges that Sergeant Ogbozor has inmates talking about killing and hurting Robertson and saying Robertson is a snitch.[1] (Doc. 6 at 6). Robertson does not elaborate on these allegations. But he claims that, on September 5, 2025, Sergeant Ogbozor called Robertson a racially derogatory name. *Id.*

---

[1] It is unclear what Robertson means when he writes: "[Ogbozor] got Inmate talking about kill me saying they go to Hurt me saying that Im a Snitch putting me in danger of being assaulted or killed by other inmate." (Doc. 6 at 6) (errors in original). What did Ogbozor do to allegedly incite other inmates to harm Robertson? Is Ogbozor the one saying Robertson is a snitch? Or is it the other inmates?

3

Robertson asks that the Defendants be held "accountable for their inappropriate behavior and conduct." (Doc. 6 at 6). He also asks "justice for the cruel and unusual punishment" he has suffered as a result of not being able to see a doctor or get the pain medication he needs. *Id.* at 7.

### B.     No Imminent Harm

Although *pro se* complaints must be liberally construed, *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014), a prisoner's allegations of imminent danger of serious physical injury must also be plausible. *Pinder v. WellPath, LLC*, 112 F.4th 495, 500 (8th Cir. 2024). "Absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury," three-strikers do not satisfy the imminent-danger-of-serious-physical-injury exception to proceed *in forma pauperis*. *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

In this case, Robertson's allegations lack the specificity needed to show plausibly he is in imminent danger of serious physical injury. As far as the Court can discern, Robertson was stabbed at some point in time. Robertson apparently received medical attention because he is seeking to "renew" his pain medication. But Robertson's allegation that he is "still hurting badly" is too vague to indicate forthcoming physical injury. Likewise, his vague (and seemingly secondary) allegations that inmates are threatening him and there are rumors he is a snitch do not specifically and plausibly show imminent harm. Accordingly, Robertson may not proceed *in forma pauperis* in this action. And it is

recommended that Plaintiff's Complaint and Amended Complaint be dismissed without prejudice pending payment of the $405.00 filing and administrative fees.

### III. CONCLUSION

Despite being given leave to amend his Complaint, Robertson has raised no new or specific allegations that would allow him to proceed *in forma pauperis*.

IT IS THEREFORE RECOMMENDED THAT:

1. Robertson's IFP Motion, (Doc. 5), be DENIED.

2. Robertson's Amended Complaint, (Doc. 6), be DISMISSED without prejudice.

3. If Robertson wishes to continue this case, he be required, within thirty days of any order and judgment adopting this Recommendation, to submit the statutory filing and administrative fees of $405.00 to the Clerk of the Court along with a motion to reopen the case.

4. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that any *in forma pauperis* appeal would not be taken in good faith.

DATED this 6th day of October, 2025.

_____
UNITED STATES MAGISTRATE JUDGE